IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM "BILL" GILLIES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:18-CV-0989-D |
| VS. | § | |
| | § | |
| FIVE 9 SECURITIES, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff William "Bill" Gillies' ("Gillies'") May 14, 2018 second motion to remand is granted.[1] Based on defendants' own pleading—their amended notice of removal—Gillies has at a minimum demonstrated that complete diversity of citizenship is absent because Gillies and defendant Five 9 Securities, LLC are both Texas citizens.[2]

Gillies' request for an award of attorney's fees and expenses is also granted. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]Gillies filed his second motion to remand on May 14, 2018. Defendants filed their opposition to Gillies' motion to remand on May 16, 2018. On May 30, 2018 the court extended the deadline to respond to Gillies' second motion to remand to July 5, 2018. Thereafter, counsel for defendants Five 9 Securities, LLC and Jonathan Bloch obtained leave to withdraw. Neither defendant has responded to Gillies' second motion to remand.

objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "The decision to award fees is a matter of discretion." *Fathergill v. Rouleau*, 2003 WL 21467570, at *2 (N.D. Tex. June 23, 2003) (Fitzwater, J.). A fee award is limited to the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

The court holds that Gillies is entitled to recover his attorney's fees, just costs, and actual expenses because the removing defendants lacked an objectively reasonable basis for removing the case. The law is by now well settled concerning how the citizenship of a limited liability company is determined, and there are Texas citizens on both sides of this case. Accordingly, within 21 days of the date this memorandum opinion and order is filed, the parties must confer regarding the reasonable attorney's fees and expenses that Gillies incurred as a result of the removal. If they reach agreement, the removing defendants must pay these attorney's fees and expenses within 28 days of the date this memorandum opinion and order is filed. If they do not reach agreement, Gillies must file his application for attorney's fees, just costs, and actual expenses within 28 days of the date this memorandum opinion and order is filed. Briefing will then follow according to the deadlines prescribed by the local civil rules.

\* \* \*

For the reasons explained, Gillies' second motion to remand is granted. The court holds that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), remands this case to Dallas County Court at Law No. 2, Dallas, Texas. The clerk shall effect the remand according to the usual

procedure.³

**SO ORDERED**.

July 20, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

³The court does not address Gillies' April 25, 2018 motion to remand or defendants' April 26, 2018 motion to dismiss.